UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE

**SHANDELL MARIE BRADLEY,**     CIVIL DOCKET NO. _____
**TUTRIX ON BEHALF OF HER MINOR**
**CHILD, AJW**
               Plaintiff

                                                                            JUDGE _____

**v.**

**LOUIS M. ACKAL, SHERIFF**
**OF IBERIA PARISH, INDIVIDUALLY**
**AND IN HIS OFFICIAL CAPACITY,**
**JUSTIN ORTIS, INDIVIDUALLY AND**
**IN HIS OFFICIAL CAPACITY AND THEIR**
**INSURANCE COMPANY XYZ**        MAGISTRATE JUDGE _____
               Defendant

## COMPLAINT FOR DAMAGES

TO THE HONORABLE, JUDGES OF THE UNITED STATES DISTRICT COURT IN AND FOR THE WESTERN DISTRICT OF LOUISIANA, LAFAYETTE DIVISION:

The Complaint of Shandell Marie Bradley, Tutrix on behalf of her minor child AJW, duly acknowledged daughter of Victor White, III, Plaintiff herein, who is domiciled in the Parish of Iberia, State of Louisiana, appearing herein by and through undersigned counsels respectfully represent that this is a civil action against Louis M. Ackal, Iberia Parish Sheriff, individually and in his official capacity Justin Ortis, and individually and in their official capacity XYZ deputies and the Iberia Parish Sheriff's Office and their Insurance Company XYZ for violation of Plaintiff's constitutional rights, the details of which are set forth herein below.  This civil rights action seek damages against Defendants for committing acts under color of state law, and depriving Plaintiff of rights secured by

1

the constitution and law of the United States.

## JURISDICTION

1.     The Jurisdiction of this Honorable Court is invoked Pursuant to 42 U.S.C. Section 1983 and 42 U.S.C. Section 1988 for violation of the Fourth and Fourteenth Amendments to the United States Constitution and the Eighth Amendment, which protects against cruel and unusual punishment.  This Honorable Court has jurisdiction of this action under U.S.C. Section 1983, 28 U.S.C. 1343 and 28 U.S.C. Section 1331.  Plaintiff further invokes the supplemental jurisdiction of this Court to consider claims arising under state law pursuant to 28 U.S.C. Section 1367.

2.     Jurisdiction against the governmental and individual defendants is conferred upon this Court by 28 U.S.C. Section 1331 (federal question) and 1343 (3) (civil rights). The state law claims for relief are within the supplemental jurisdiction of the court, pursuant to 28 U.S.C. Section 1367.

3.     All the events referred to in this complaint occurred within the Western District of Louisiana, United States of America.  Venue is proper in this Court.

4.     Complainants claims herein arises out of an incident involving Sheriff Louis M. Ackal, Iberia Parish Sheriff's Department, Deputy Justin Ortis and Deputies XYZ to be named later, within this judicial district.

## PARTIES

5.     SHANDELL MARIE BRADLEY, is a competent adult who appears on behalf of her minor child, AJW, who is also the minor child of the decedent, Victor White, III, who was handcuffed, restrained, searched, and beaten, who was nonviolent and posed

no threat died at the hands of and in the custody of Iberia Parish Sheriff Louis M. Ackal and his deputies.

6.      Defendant, Louis M. Ackal is the governing authority, decision maker for the Iberia Parish Sheriff's Department and his Insurance Company XYZ, doing business in the State of Louisiana operating pursuant to the laws of the State of Louisiana, custom and usage, deprived plaintiff of rights secured by the United States Constitution, in violation of 42 U.S.C. Section 1983.

7.      Defendant, Justin Ortis, was, at all times relevant hereto, a Deputy Sheriff with and acting under the authority of the Iberia Parish Sheriff, Louis M. Ackal and the Iberia Parish Sheriff's Department.

8.      Defendants, XYZ, were, at all times relevant hereto, Deputy Sheriffs acting under the authority of the Iberia Parish Sheriff, Louis M. Ackal and the Iberia Parish Sheriff's Department.

A.      FACTS

On March 2, 2014, decedent Victor White, III and a friend known, but unnamed, walked to a nearby convenient store for snacks.  During the time they were at the store, a fight broke out in the parking lot of the store.  However, Mr. White nor his friend were involved in the fight.  They did witness the fight.  Subsequently, they commenced to walking home when they were stopped two blocks from the store by the Iberia Parish Sheriff's Department.  Mr. White and his friend twice gave the description of the individuals that were fighting at the store.  However, the Deputy Sheriff advised them that he needed to search them and commenced to searching them, allegedly finding marijuana

on the decedent Victor White, III.  He subsequently, advised that they were not under arrest.  Then Defendant Justin Ortis placed them in handcuffs and seated them on the ground for twenty to thirty minutes in front of his patrol car.  Defendant then came back and placed the decedent, Victor White, III in the back seat of the patrol car.  Back up police officers arrived and the decedent, Mr. White, was searched again and then placed in the back seat of the Iberia Parish Sheriff patrol car to be transported to the Iberia Parish Sheriff's Office.  However, upon arrival, the decedent Victor White, III is alleged to have pulled out a gun and shot himself in the back while still handcuffed behind his back.  The Louisiana State Police released the report that he shot himself in the back while he sat handcuffed in the Sheriff's patrol car at the station.  Subsequently, on August 12, 2014, the Iberia Parish Coroner concluded his report contradicting the Louisiana State Police investigation and stated that the manner of death was from a self-inflicted gunshot wound to the right chest in light of the fact Mr. White was still handcuffed behind his back.  Prior to Mr. White's arrest he was happy and did not have any bruises on him.  However, after his arrest and placement in the Iberia Sheriff's cruiser and custody Mr. White's body had scratches on his face, fresh contusions on his forehead, swollen lips and a deep wound around his left eye.  Defendants' deliberate plan of actions violated the constitutional rights of Mr. White thus resulting in his death.

      B.     GENERAL ALLEGATIONS ON POLICY AND PRACTICE

      9.     Plaintiff is informed and believes, and on the basis of such information and belief allege, that the governmental entity defendants and their decision maker, with deliberate indifference, gross negligence, and reckless disregard to the safety, security, and

**constitutional statutory rights of the decedent, complainant, and all persons similarly situated, maintained, enforced tolerated, permitted, acquiesced in, and applied policies, practices, or customs and usages of among other things,**

    a.    **Subjecting people to unreasonable uses of seizure and force against their persons;**

    b.    **Selecting, retaining, and assigning employees with demonstrable propensities for excessive force, violence, negligence and other misconduct;**

    c.    **Failing to adequately discipline officers involved in misconduct; and**

    d.    **Condoning and encouraging officers in the belief that they can violate the rights of persons such as the decedent in this action with impunity, and that such conduct will not adversely affect their opportunities for promotion and other employment benefits.**

    e.    **Failing to adequately train, supervise, equip and control employees to ensure that unqualified officers are removed from the police force.  With knowledge of the risks and consequences, defendant Ackal failed to take reasonable steps to ensure that the public would not be harassed, injured, harmed or subjected to violations of their Civil Rights by officers of the Iberia Parish Sheriff's Department.**

    f.    **Defendants failed to properly train the officers of the Iberia Parish Sheriff's Department, including Defendants Ortis and XYZ deputies regarding proper search and seizures.  There has been a custom of defendant Louis M. Ackal to allow officers to conduct improper, negligent, or otherwise insufficient searches of citizens detained, arrested, or otherwise taken into custody.**

    g.    **Defendants, Louis M. Ackal and the Iberia Parish Sheriff's Department had**

5

a policy, practice, or custom of failing to train or failing to adequately train its officers regarding determining whether the appropriate criterias have been met to justify or warrant detention of members of the public.  The failure of Defendants, Louis M. Ackal and the Iberia Parish Sheriff's Department to properly train officers in the conduct of searches constitutes deliberate indifference to the rights of persons with whom the officers come in contact, including, but not limited to, Victor White, III.  Defendants disregarded the known and obvious risks and consequences of failing to properly train officers of the Iberia Parish Sheriff's Department.

      h.     As a direct and proximate result of the conduct of Defendants Justin Ortis and XYZ deputies sheriff, decedent, Victor White, III sustained injuries and damages including death.

      10.     Complainant is informed and believes, and on the basis of such information and belief allege, that the entity Defendants and their decision makers ordered, authorized, acquiesced in, tolerated, permitted or maintained custom and usages permitting the other Defendants herein to engage in the unlawful and unconstitutional actions, policies, practices, and customs or usages set forth in the foregoing paragraph.  Defendant's conduct as alleged herein constitutes a pattern of constitutional violations based either on a deliberate plan by Defendants or on Defendants' deliberate indifference, gross negligence, or reckless disregard to the safety, security and rights of plaintiff and decedent.

      C.     **ALLEGATIONS REGARDING DAMAGES.**

      11.     Complainant has lost the financial support from decedent, decedent's love, comfort and society, loss of consortium, care, affection and have sustained emotional

distress, all in amounts in accordance with proof.  The Decedent sustained general damages, including the loss of enjoyment of his life, in an amount in accordance with proof.

12. The conduct of the individual Defendants was willful, malicious, oppressive and a reckless disregard for the constitutional rights of complainant and the decedent himself, thus justifying punitive damages against the Defendants in an amount in accordance with proof.

### FIRST CLAIM FOR RELIEF
### (42 U.S.C. §1983 - WRONGFUL DEATH)

13. Defendants, acting under of color of state law, deprived the decedent of rights, privileges, and immunities secured by the Constitution and laws of the United States, including those secured by the Fourth, Fourteenth and Eighth Amendments to the Constitution, by among other things, subjecting the decedent to excessive force; and acting with deliberate indifference to the decedent's medical needs.

14. The foregoing wrongful acts of Defendants killed the decedent.

15. Complainant is the proper party with standing pursuant to La. C.C. Art. 2315.2 A (1) (incorporated herein by virtue of 42. U.S.C. § 1988), to pursue their remedies for wrongful death, including  general damages pecuniary loss and other compensable injuries resulting from loss of society, emotional distress, comfort, attention, services, and support of the decedent.

16. As a further proximate result of the acts of the Defendants, as alleged herein, complainant has incurred expenses, including funeral and burial expense in an amount in accordance with proof.

17.     In doing the foregoing wrongful acts, defendant, and each of them, acted in reckless disregard for the constitutional rights of decedent and complainant.  The wrongful acts, and each of them, were willful, shocking to the conscience of ordinary citizens oppressive, fraudulent, and malicious, thus warranting the award of punitive damages against each individual defendant in an amount adequate to punish the wrongdoers and deter future misconduct.

18.     Plaintiff incorporates by reference the allegations contained in the aforegoing paragraphs as is fully set forth herein.

## SECOND CLAIM FOR RELIEF
### (42 U.S.C. § 1983 – SURVIVAL ACTION)

19.     Defendants, acting under of color of state law, deprived the decedent of rights, privileges, and immunities secured by the Constitution and laws of the United States, including those secured by the Fourth and Fourteenth Amendments to the Constitution, by among other things, subjecting the decedent to excessive force; and acting with deliberate indifference to the decedent's medical needs.

20.     Complainant is the proper party with standing pursuant to La. C.C. Art. 2315.1 A (1) (incorporated herein by virtue of 42. U.S.C. § 1988), to pursue their remedies for the foregoing claim which arose in the decedent's favor, and the decedent would have been the complainant with respect to this claim for relief had he survived.

21.     The foregoing wrongful acts of Defendants killed the decedent.

22.     As a proximate result of the foregoing wrongful acts of the Defendants, and each of them, the decedent sustained general damages, including pain and suffering, and a

loss of the enjoyment of life, loss wages, emotional distress and other hedonic damages, in an amount in accordance with proof.

23. In doing the foregoing wrongful acts, Defendants, and each of them, acted in reckless and callous disregard for the constitutional rights of decedent. The wrongful acts, and each of them, were willful, oppressive, shocking to the conscience of ordinary citizens, fraudulent, and malicious, thus warranting the award of punitive damages against each individual defendant in an amount adequate to punish the wrongdoers and deter future misconduct.

24. Plaintiff incorporates by reference the allegations contained in the aforegoing paragraphs as is fully set forth herein.

### THIRD CLAIM FOR RELIEF
### (42 U.S.C. § 1983 - DEPRIVATION OF THE RIGHTS OF COMPLAINANTS TO FAMILIAL RELATIONSHIPS WITH THE DECEDENT)

25. Defendants, acting under color of state law, deprived plaintiffs of their rights to familial relationships in violation of the Fourth Amendment and without due process of law in violation of the Fourteenth Amendment by use of unreasonable, unjustified force and violence, causing injuries which resulted in the decedent's death, all without provocation and all in violation of rights, privileges, and immunities secured by the Fourth and Fourteenth Amendments to the United States Constitution.

26. As a proximate result of the foregoing wrongful acts of Defendants, and each of them, complainant sustained general damages, including grief, emotional distress, pain and suffering and loss of comfort and society, and special damages, including loss of support, in an amount in accordance with proof.

27. In doing the foregoing wrongful acts, Defendants, and each of them, acted in reckless and callous disregard for the constitutional rights of the complainant. The wrongful acts, of each of them, were willful, oppressive, shocking to the conscience of ordinary citizens fraudulent, and malicious, thus warranting the award of punitive damages against each individual defendant in an amount adequate to punish the wrongdoers and deter future misconduct.

28. Plaintiff incorporates by reference the allegations contained in the aforegoing paragraphs as is fully set forth herein.

## FOURTH CLAIM FOR RELIEF
(La.C.C. Art. 2315)

29. The United States Constitution, Amendment IV, and the Louisiana Constitution, Article 1, § 20 guarantees the right of persons to be free from excessive force. Both constitutions guarantee the right to appropriate medical attention for people in police custody. Defendants, by engaging in the wrongful conduct alleged herein, denied these rights to decedent and complainant, thus giving rise to claims for damages pursuant to La. C.C. Art. 2315.

30. As a direct and proximate cause of the aforementioned acts of Defendants, decedent and complainant were injured as set forth above, and are entitled to compensatory and general damages under La.C.C. Art. 2315, et seq according to proof.

31. Plaintiff incorporates by reference the allegations contained in the aforegoing paragraphs as is fully set forth herein.

### FIFTH CLAIM FOR RELIEF
### (Assault and Battery)
### (Intentional Tort)

32. Defendants assaulted and battered the decedent, causing his death.

33. As a direct and proximate cause of the aforementioned acts of Defendants, decedent and complainant were injured as set forth above and are entitled to compensatory and general damages according to proof.

### SIXTH CLAIM FOR RELIEF
### (POLICE NEGLIGENCE)

34. By virtue of the foregoing, Defendants owed decedent and complainant a duty of due care, and that duty was breached in that Defendants' negligence and failure to exercise due care in dealing with the decedent proximately caused his injuries, death and damages described herein.

35. Failure to properly observe, maintain, or otherwise protect Victor White, III safety while he was in police custody.

36. Louis M. Ackal committed acts and omissions constituting negligence which were a proximate cause of the injuries and damages described herein specific acts and omissions committed by defendant Ackal include, but are not limited to, the following:

(a) Failure to properly train or otherwise act to ensure that the officers of the Iberia Parish Sheriff's Department, including Defendants Ortis and XYZ deputies, were properly trained in conducting stops in a reasonable and safe manner;

(b) Failure to properly train or otherwise act to ensure that officers of the Iberia

    Parish Sheriff's Department, including Defendants Ortiz and XYZ deputies, were properly trained in protecting the rights of persons upon whom officers' conduct bodily searches by first obtaining permission or other sufficient legal authorization to conduct the search.

( c) Failure to properly train or otherwise act to ensure that officers of the Iberia Parish Sheriff's Office, including Defendants Ortis and XY Z deputies, were properly trained in conducting a thorough search of police vehicles in which detained or arrested persons have been held or are going to be held prior to placing arrested or detained persons in their police vehicle;

(d) Failure to properly train or otherwise act to ensure that officers of Iberia Parish Sheriff's Office, including Defendants Justin Ortis and XYZ deputies were properly trained in observing, maintaining, or otherwise protecting the safety of persons in custody;

(e ) Failure to properly supervise or otherwise act to ensure that officers of Iberia Parish Sheriff's Office, including Defendants Justin Ortis and XY Z deputies were properly trained under the circumstances;

(f) Failure to properly supervise or otherwise act to ensure that officers of Iberia Parish Sheriff's Office, including Defendants Justin Ortis and XY Z deputies acted appropriately during the course of their employment with the Iberia Parish Sheriff's Department;

(g) Failure to propagate rules, regulations, guidelines, policies or procedures reasonably necessary or sufficient to protect members of the public,

including Victor White, III.

(h) Failure to ensure that rules, regulations, guidelines, polices or procedures reasonably necessary or sufficient to protect members of the public, including Victor White, III, are followed and obeyed by officers of Iberia Parish Sheriff's Department; and

(i) Otherwise failing to exercise due care under the circumstances.

37. As a direct and proximate cause of the aforementioned acts of Defendants, decedent and complainant were injured as set forth above, and are entitled to compensatory and general damages according to proof.

38. Plaintiff incorporates by reference the allegations contained in the aforegoing paragraphs as is fully set forth herein.

### NEGLIGENCE HIRING, SUPERVISION, AND RETENTION

39. Defendant, Louis M. Ackal, knew or should have known that Defendants Ortis and XYZ deputies subjected members of the public with whom they came into contact to an unreasonable risk of harm. Defendant, Louis M. Ackal, negligently hired and retained Defendants Justin Ortis and XYZ deputies as officers of Iberia Parish Sheriff's Department in spite of this knowledge or imputed knowledge.

40. Defendant, Louis M. Ackal, knew or should have known that Defendants, Justin Ortis and XYZ deputies subjected members of the public with whom they came into contact to an unreasonable risk of harm. Defendant, Louis M. Ackal, negligently hired and retained Defendants Ortis and XYZ deputies as officers of the Iberia Parish Sheriff's Department in spite of this knowledge or imputed knowledge.

41.     As a direct and proximate result of the conduct of Defendants, Ortis and XYZ deputies and Defendant, Louis M. Ackal, Victor White, III suffered injuries and damages as more specifically described herein, including death.

42.     The conduct of each of the Defendants was such that each knew or should have known that their conduct would naturally and probably lead to injury or harm and they continued that conduct in conscious and reckless disregard of the consequences from which malice can be inferred.

43.     At all times relevant herein, Defendants, Justin Ortis and XYZ deputies were agents, servants, or employees of the Iberia Parish Sheriff's Department, operating under color of state law within the scope of their employment, service, or agency, and any conduct on the part of Defendants Ortis and XYZ deputies is imputed by law to Defendant, Louis M. Ackal, which is vicariously liable.

44.     Plaintiff incorporates by reference the allegations contained in the aforegoing paragraphs as is fully set forth herein.

## PRAYER

WHEREFORE, complainant prays for judgment as follows:

**On All Causes of Actions**

    (a)     Compensatory general and special damages in accordance with proof;

    (b)     Costs of suit incurred herein;

On the First, Second, Third, Fourth, Fifth, Sixth and Seventh Causes of Actions

    (c)     Punitive damages, reasonable attorney's fees and expenses of litigation;

   **(d)**  **Loss of wages**

**On the First, Second, Third, Fourth, Fifth, and Sixth Causes of Actions**

   **(e)**  **Exemplary damages against the individual Defendants in an amount sufficient to make an example of those Defendants and to deter future misconduct.**

   **(f)**  **Plaintiff prays for a trial by Jury.**

   **(g)**  **For all statutory general and equitable relief herein the premises.**

           **Respectfully submitted,**

           */s/Carol D. Powell Lexing*_____
           **Carol D. Powell Lexing, Lead Counsel**
           **Law Office of Carol D. Powell Lexing**
           **& Associates, PLC**
           **2485 Tower Drive, Suite 6**
           **Monroe, Louisiana 71201**
           **Tel: (318)324-0700**
           **Fax: (318)324-0702**
           **Bar Roll #21033**

           */s/Benjamin L. Crump*_____
           **Benjamin L. Crump, Pro Hac Vice**
           **ParksCrump Law Firm**
           **240 North Magnolia Drive**
           **Tallahassee, Florida 32301**
           **Telephone: (850) 222-3333**
           **Facsimile: (850) 224-6679**
           **Email: info@parkscrump.com**
           **Bar Roll No. FBN 72583**