UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

SHANDELL MARIE BRADLEY,          CIVIL ACTION NO. 6:15-cv-00459
ET AL.

VERSUS                           MAGISTRATE JUDGE HANNA

LOUIS M. ACKAL, ET AL.           BY CONSENT OF THE PARTIES


## MEMORANDUM  RULING


Currently pending is the motion for partial dismissal pursuant to Fed. R. Civ.

P. Rule 12(b)(6) (Rec. Doc. 29), which was filed on behalf of the defendants, Sheriff

Louis M. Ackal and Deputy Sheriff Justin Ortis.   The motion is unopposed.

Considering the evidence, the law, and the arguments of the parties, and for the

reasons fully explained below, the motion is GRANTED.

### BACKGROUND

On March 2, 2014, Victor White, III died while in the custody of the Iberia

Parish Sheriff's Department.  This lawsuit was filed by Shandell Marie Bradley, the

tutrix of her minor child AJW.  The plaintiff alleges that Mr. White was the child's

father.  On behalf of her child, the plaintiff asserted a claim under 42 U.S.C. § 1983,

alleging that the defendants subjected Mr. White to excessive force and acted with

deliberate indifference to his medical needs, in violation of the Fourth, Fourteenth,

and Eighth Amendments to the United States Constitution, and that the defendants'
actions and omissions led to Mr. White's death.  The plaintiff asserted another
Section 1983 claim, alleging that the defendants violated the Fourth and Fourteenth
Amendments by depriving the child of the right to familial relationships.  The
plaintiff also asserted a wrongful death claim, a survival claim, negligence claims,
and assault and battery claims under Louisiana state law.  The plaintiff subsequently
amended the complaint to add Mr. White's parents, Victor White, Sr. and Vanessa
White, as plaintiffs in the lawsuit.

ANALYSIS

## I.    THE STANDARD FOR ANALYZING A RULE 12(b)(6) MOTION TO DISMISS

A motion to dismiss for failure to state a claim, under Rule 12(b)(6) of the
Federal Rules of Civil Procedure, is appropriate when a defendant attacks the
complaint because it fails to state a legally cognizable claim.[1]  When considering a
motion to dismiss for failure to state a claim under Rule 12(b)(6), a district court must
limit itself to the contents of the pleadings, including any attachments thereto.[2]  The
court must accept all well-pleaded facts as true, and it must view them in the light

---

[1]    *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).

[2]    *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000).

most favorable to the plaintiff.[3]  However, conclusory allegations and unwarranted

deductions of fact are not accepted as true,[4] and courts "are not bound to accept as

true a legal conclusion couched as a factual allegation."[5]

To survive a Rule 12(b)(6) motion, the plaintiff must plead "enough facts to

state a claim to relief that is plausible on its face."[6]  The allegations must be sufficient

"to raise a right to relief above the speculative level,"[7] and "the pleading must contain

something more . . . than . . . a statement of facts that merely creates a suspicion [of]

a legally cognizable right of action."[8]  "While a complaint . . . does not need *detailed*

factual allegations, a plaintiff's obligation to provide the grounds of his entitlement

to relief requires more than labels and conclusions, and a formulaic recitation of the

---

[3]     *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007) (internal quotations omitted), quoting *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996).

[4]     *Kaiser Aluminum & Chemical Sales v. Avondale Shipyards*, 677 F.2d 1045, 1050 (5th Cir. 1982), citing *Associated Builders, Inc. v. Alabama Power Company*, 505 F.2d 97, 100 (5th Cir. 1974); *Collins v. Morgan Stanley*, 224 F.3d at 498.

[5]     *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

[6]     *Bell Atlantic v. Twombly*, 127 U.S. at 570.

[7]     *Bell Atlantic v. Twombly,* 127 U.S. at 555.

[8]     *Bell Atlantic v. Twombly,* 127 U.S. at 555, quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-36 (3d ed. 2004).

elements of a cause of action will not do."[9]  If the plaintiff fails to allege facts sufficient to "nudge[ ][his] claims across the line from conceivable to plausible, [his] complaint must be dismissed."[10]

A claim meets the test for facial plausibility "when the plaintiff pleads the factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[11]  "[D]etermining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."[12]  Therefore, "[t]he complaint (1) on its face (2) must contain enough factual matter (taken as true) (3) to raise a reasonable hope or expectation (4) that discovery will reveal relevant evidence of each element of a claim."[13]

---

[9]     *Bell Atlantic v. Twombly*, 127 U.S. at 555 (citations, quotation marks, and brackets omitted; emphasis added).  *See also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[10]     *Bell Atlantic v. Twombly*, 127 U.S. at 570.

[11]     *Ashcroft v. Iqbal*, 556 U.S. at 678.

[12]     *Ashcroft v. Iqbal*, 556 U.S. at 679.

[13]     *Lormand v. US Unwired, Inc*., 565 F.3d 228, 257 (5th Cir. 2009), quoting *Bell Atlantic v. Twombly*, 127 U.S. at 556.  See also *In Re Southern Scrap,* 541 F.3d 584, 587 (5th Cir. 2008).

## II.   THE DECEDENT'S PARENTS LACK STANDING

It is axiomatic that a plaintiff must have standing to bring a lawsuit.  When a suit is brought under a civil rights statute, as this one was, standing is guided by 42 U.S.C. § 1988, which provides that state common law is used to fill the gaps in the administration of civil rights suits.[14]  A plaintiff suing under Section 1983 and seeking recovery for the alleged wrongful death or survival of a person must have standing under the relevant state's wrongful death or survival statute.[15]  The party invoking federal-court jurisdiction must bear the burden of establishing standing.[16]

To recover under a claim for wrongful death or survival under Louisiana law, a plaintiff must fall within a class of persons designated as a beneficiary for those causes of action, as set forth in Louisiana Civil Code Articles 2315.1 and 2315.2, respectively.[17]  Both statutes create a hierarchy of classes of beneficiaries.  The first class is comprised of the surviving spouse and children of the decedent, and persons in that class recover to the exclusion of all other categories of potential claimants

---

[14]     *Pluet v. Frasier*, 355 F.3d 381, 383 (5th Cir. 2004).

[15]     *Pluet v. Frasier*, 355 F.3d at 383; *Aguillard v. McGowen*, 207 F.3d 226, 231 (5th Cir. 2000).  See, also, *Lollis v. Concordia Par.*, No. 1:05-CV-01474, 2010 WL 454721, at *5 (W.D. La. Feb. 9, 2010).

[16]     *Ford v. NYLCare Health Plans of Gulf Coast, Inc.*, 301 F.3d 329, 332 (5th Cir. 2002).

[17]     *Turner v. Busby*, 883 So.2d 412, 416 (La. 2004).

under both articles 2315.1 and 2315.2.  A decedent's surviving parents may recover only if the decedent had no surviving spouse or children; conversely, the decedent's parents may not recover when the decedent was survived by a spouse or children.  As stated by the Louisiana Supreme Court, "[w]hen a tort victim is survived by a child, the parents of the tort victim have no right to recover for the damages sustained by the victim or for their own damages for the victim's wrongful death."[18]

In this case, the plaintiff alleges that the decedent was survived by a child, and no objection or countervailing evidence concerning that allegation has been presented.  Accepting the allegation as a fact, as must be done when resolving the instant motion, the decedent's parents have no standing to pursue a wrongful death or survival action, either under state law or under Section 1983.

The plaintiffs asserted additional state-court claims, alleging that the defendants were negligent and that they assaulted and battered the decedent before his death.  Those claims also devolved upon the decedent's child when the decedent passed away, and they are incorporated in the survival action.  As explained by the Louisiana Supreme Court: "The survival action comes into existence simultaneously

---

[18]    *Jenkins v. Mangano Corp.*, 2000-0790 (La. 11/28/00), 774 So. 2d 101, 105. See, also, *Melancon v. Louisiana*, No. 11-1794, 2013 WL 1288702, at *2 (W.D. La. Mar. 26, 2013) (holding that the decedent's mother had no standing to pursue her claims because he had children)

with the existence of the tort and is transmitted to beneficiaries upon the victim's death.  The survival action permits recovery only for the damages suffered by the victim from the time of injury to the moment of death.  It is in the nature of a succession right."[19]

The final claim asserted by the plaintiffs is a claim for deprivation of their constitutionally-protected right to a familial relationship with the decedent.  For the decedent's parents, this claim might alternatively be described as a liberty interest in parenthood.[20]  The newly-added plaintiffs, the decedent's parents, have not produced any persuasive or convincing authority suggesting that they have standing to assert a claim for deprivation of familial relationships separate and apart from the wrongful death claim.   Therefore, no basis for their standing in that regard has been established.[21]  Furthermore, "a wrongful death claim is like a loss of consortium claim insofar as it clearly compensates the beneficiaries for their own injuries, separate and distinct from the primary victim's injuries."[22]  Accordingly, the decedent's parents' claims for loss of familial relationships are incorporated in any wrongful death claim

---

[19]    *McGee v. A C And S, Inc.*, 2005-1036 (La. 7/10/06), 933 So. 2d 770, 780 (internal citations omitted).

[20]    See, *Logan v. Hollier*, 711 F.2d 690, 690 (5th Cir. 1983).

[21]    *Hudspeth v. City of Shreveport*, 270 F. App'x 332, 334 (5th Cir. 2008).

[22]    *McGee v. A C And S, Inc.*, 933 So. 2d at 780.

that they might have.  But, since they have no standing to assert such a claim, this claim cannot be recognized by this Court.

## CONCLUSION

For the foregoing reasons, this Court finds that plaintiffs Victor White, Sr. and Vanessa White, the parents of the decedent Victor White, III, have no standing to assert the claims set forth in the complaint; consequently, they have not stated a claim that can be recognized by this Court.  Accordingly, the motion for partial dismissal is GRANTED.

This Court further finds that plaintiffs Victor White, Sr. and Vanessa White have not requested leave to amend their pleadings, and this Court concludes that any attempt at amendment would be futile.  Accordingly, the claims asserted in this lawsuit by Victor White, Sr. and Vanessa White are DISMISSED WITH PREJUDICE.

Finally, it is ordered that the oral argument that was previously scheduled for March 15, 2016 is CANCELLED.

Signed at Lafayette, Louisiana, this 8th day of March 2016.

_____

PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE