UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISON

SHANDELL MARIE BRADLEY                          *    CASE NO.: 6:15-CV-0459
                                         *
VERSUS                                     *    MAGISTRATE JUDGE HANNA
                                       *
LOUIS M. ACKAL, ET AL                     *
                                       *
                                       *
                                       *

* * * * * * * * * * * * * * * * * * * * * * *

**MEMORANDUM IN SUPPORT OF**
**MOTION TO INTERVENE TO ADDRESS ACCESS ISSUES**

**NOW INTO COURT**, through undersigned counsel, comes Capital City Press, LLC

d/b/a The Advocate and KATC Communications, LLC ("Movants"), who move to intervene in

the above-captioned case for the purpose of asserting the public's right of access to learn the

amount of the settlement reached in this matter, and seek vacatur of the Court's March 15, 2018

Order sealing the settlement in this matter (Rec. Doc. 142).

## I.  INTRODUCTION

Movants in this matter are in the business of reporting and publishing news on matters of

public concern. The underlying matter involves the Plaintiff, Shandell Marie Bradley, on behalf

of her minor child, AJW, making serious allegations about the Defendant, Sheriff Louis M.

Ackal and the co-Defendants, including Ackal's deputies.

The Complaint (Rec. Doc. 1) alleges that AJW's father, Mr. Victor White III, died at the

hands of the Defendants' officers and, as a result, sought to recover damages under 42 U.S.C. §

1983, and various other laws, for the violation of rights guaranteed to him by the United States

Constitution and the Louisiana state Constitution. The Plaintiff alleged a pattern and practice of

excessive force by the Defendants. Mr. White's official cause of death after arrest was a self-inflicted gunshot wound. However, there was a public controversy as to how Mr. White killed himself while handcuffed, and after a pat-down and search by deputies. This controversy drew both local[1] and national press attention.[2]

The facts of this matter are well-summarized by this Honorable Court in its ruling on the Motion for Summary Judgment (Rec. Doc. 91). Following motion practice and approaching a trial date, the matter was settled in a Settlement Conference held before Judge Carol B. Whitehurst on March 15, 2018 (Rec. Doc. 142). The minute entry for that conference states:

> SEALED MINUTES for proceedings held before Magistrate Judge Carol B Whitehurst: SETTLEMENT CONFERENCE held on 3/15/2018. (Court Reporter: LCR, Lafayette - Courtroom 6) (crt,Alexander, E) (Entered: 03/15/2018)

Respectfully, the Court's Order sealing the settlement violates the public's right of access to Court proceedings under the First Amendment to the United States Constitution and acknowledged federal common law. Furthermore, documents related to the settlement of this matter, including the records of payments made by or on behalf of Defendants are public records subject to inspection pursuant to Article 12, Section 3 of the Louisiana Constitution and the Louisiana Public Records Law, Louisiana Revised Statute §§44:1, *et seq*.

On June 15, 2018 *Advocate* reporter John Simerman received a response to an earlier records request seeking, *inter alia,* the Receipt and Release signed by the Parties in this matter and a copy of the check issued to the Plaintiff. An accounting record of the check, dated April 19, 2018, was included along with the Receipt and Release, along with the notation that it was

---

[1] *Jury Must Decide if Handcuffed Iberia Parish Man in Patrol Car Killed Himself, Federal Judge Rules,* The Advocate, *available at* https://www.theadvocate.com/acadiana/news/crime_police/article_f1261142-b82f-11e7-9ee0-cf9c8ff785ba.html, last accessed July 17, 2018.

[2] *Handcuffed Black Youth Shot Himself to Death, Says Coroner,* NBC News, *available at* https://www.nbcnews.com/news/investigations/handcuffed-black-youth-shot-himself-death-says-coroner-n185016, last accessed July 17, 2018.

made in Full and Final Settlement of the matter. The Receipt and Release indicates that the terms of the settlement were ordered closed by this Honorable Court. The amount of the check was redacted. When requested, counsel for the Louisiana Sheriffs' Law Enforcement Program, the custodian of the records sought, suggested that the amount was required to be redacted due to this Court's Order sealing the record and minutes of the settlement conference.

To the extent this Court's Order prohibits a public body from complying with its duty to permit public inspection of the expenditure of public funds, the Order is contrary to the well-established right of the citizens of Louisiana to obtain information regarding the actions of their government, including information "concerning the receipt or payment of any money received or paid by or under the authority of the constitution or the laws of this state." La. Rev. Stat. Ann. § 44:1.  In addition, the Court's minute entry is at odds with procedural requirements for sealing portions of the record.  Movants therefore seek to intervene in this matter to request vacatur of this Court's March 15, 2018 Order sealing the settlement (Rec. Doc. 142). As set forth below, Movants' Motion to Intervene should be granted.

## II.  LAW AND ARGUMENT

To warrant intervention under Fed. R. Civ. P. 24, the Movants must show that they claim "an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24. The Fifth Circuit has held that this formulation is subject to a specific test:

> (1) the application for intervention must be timely; (2) the applicant must have an interest relating to the property or transaction which is the subject of the action; (3) the applicant must be so situated that the disposition of the action may, as a practical matter, impair his ability to protect that interest; (4) the applicant's interest must be inadequately represented by the existing parties to the suit.

*Ford v. City of Huntsville,* 242 F.3d 235, 239 (5th Cir. 2001)

In the instant case, the requirements are easily met.

**A.  <u>Movants Timely Assert this Request.</u>**

Timeliness is examined by a review of four factors, according to the U.S. Fifth Circuit

Court of Appeal:

> (1) The length of time during which the would-be intervenor actually knew or
> reasonably should have known of its interest in the case before it petitioned for
> leave to intervene; (2) the extent of the prejudice that the existing parties to the
> litigation may suffer as a result of the would-be intervenor's failure to apply
> for intervention as soon as it knew or reasonably should have known of its interest
> in the case; (3) the extent of the prejudice that the would-be intervenor may suffer
> if intervention is denied; and (4) the existence of unusual circumstances militating
> either for or against a determination that the application is timely.

*Sierra Club vs. Espy,* 18 F.3d 1202, 1205 (5th Cir. 1994), *Ford,* 242 F.3d at 239.

In the instant case, Movants have known that the amount of the settlement would not be

available to them for only one month—June 15, 2018 being the date Mr. Simerman received a

response to his public records request with the redacted check. Existing parties would suffer little

to no prejudice here, as the Movants do not seek to "reopen the merits of the dispute between the

original parties," only to litigate their access issues. *Ford,* 242 F.3d at 240. Movants

acknowledge they file their Intervention just four (4) months following settlement of this matter.

However, in the analogous case of *Doe v. Marsalis,* the United States District Court for the

Northern District of Illinois found that intervention nine (9) months after a settlement remained

timely, and that intervention was not prejudicial given the "strong public interest in disclosure of

the documents produced by Defendants which would be lost if the intervention is not allowed."

*Doe v. Marsalis,* 202 F.R.D. 233, 236 (N.D. Ill. 2001). Similarly to *Doe*, this intervention is

compelling given the Movants' position to be able to report matters affecting the operation of

government and the use of public funds. This intervention is further made compelling

considering the tremendous public interest in this matter and the payment of public funds to settle it.

In *Ford,* the Fifth Circuit acknowledged that without relief, the newspaper would have to bring a Texas Freedom of Information lawsuit, but that "any potential remedy [under that law] would be restricted by the confidentiality order issued here." *Ford,* 242 F.3d. at 240. Simmilarly, without relief from this Court, Movants have no other recourse. Finally, there are no unusual circumstances present. It should be noted that the Movants have <u>no interest</u> and <u>do not seek</u> any information relating to the *name* of the minor child.

### B.  Movants Claim An Overriding Interest in Public Information that is Impaired.

Courts have consistently recognized the media's right to intervene in judicial proceedings. The U.S. Supreme Court has held that "For a case-by-case approach to [access to] be meaningful, representatives of the press and the general public must be given an opportunity to be heard on the question of their exclusion." *Globe Newspaper Co., v. Superior Court for Norfolk County,* 457 U.S. 596, 609, n.25 (1982). *See also Pansy v. Stroudsburg*, 23 F.3d 772, 777-78 (3rd Cir. 1994) (reversing district court's denial of newspaper's motion to intervene, stating: "We have routinely found, as have other courts, that third parties have standing to challenge protective orders and confidentiality orders in an effort to obtain access to information or judicial proceedings.").

Because the Movants, and particularly *Advocate* reporter John Simerman, have been denied the right to access guaranteed by Article 12, Section 3 of the Louisiana Constitution, they have suffered great prejudice due to the Order sealing the settlement. These terms, namely the amount of the settlement, are explicitly defined as public records "concerning the receipt or

payment of any money received or paid by or under the authority of the constitution or the laws of this state." La. Rev. Stat. Ann. § 44:1.

The proper exercise of these Constitutional rights is surely an interest in the outcome of the underlying litigation, and reporting on the amount paid to an individual for the tragic loss of life presented here serves the public's interest. The Court's Order sealing the settlement "conflicts with appellants right to access information" and would "impede [Movant's] ability to bring suit successfully" under the Louisiana Public Records Law. *Ford,* 242 F.3d at 240. Therefore, the Movants claim an appropriate interest in the subject matter of this litigation and seek intervention here to protect that interest.

C. **Movants' Interest is Not Represented by Existing Parties.**

The Movants operate media entities, and the Plaintiff and Defendants in this action have not and could not adequately represent their interest relating to access, which is unique. Perhaps for this reason, "The most appropriate procedural mechanism . . . [to] oppose suppression of the material [is] to intervene." *In re Associated Press*, 162 F.3d 503, 507 (7th Cir. 1998); *In re Beef Industry Antitrust Litigation*, 589 F.2d 786, 789 (5th Cir. 1979) (third-party intervention "the procedurally correct course" to challenge a protective order). Recognizing this unique position, federal courts in this state have consistently granted news media outlets' motions to intervene on behalf of the public in civil and criminal proceedings. *See, e.g., United States v. Cleveland*, No. 96-cr-207, 1997 WL 412466, *2 (E.D. La. 1997); *United States v. Davis*, 904 F. Supp. 564 (E.D. La. 1995); *United States v. Davis*, 902 F. Supp. 98 (E.D. La. 1995), *aff'd*, 132 F.3d 1454 (5th Cir. 1997). Here, the request should be similarly granted, allowing Movants to Intervene in this proceeding to seek vacatur of this Court's March 15, 2018 Order sealing the settlement.

## III. CONCLUSION

The access issues presented in this case are a matter of great public concern. This Honorable Court should therefore grant this intervention, on an expedited basis, as the Movants intend to seek an expedited hearing on this Motion to Intervene via motion filed contemporaneously herewith.

For the foregoing reasons, Capital City Press, LLC d/b/a The Advocate and KATC Communications, LLC respectfully submit that their Motion to Intervene should be granted and that thereafter that the attached Motion for Access be addressed promptly.

Respectfully submitted:

STERNBERG, NACCARI & WHITE, LLC

/s/ Scott L. Sternberg
**SCOTT L. STERNBERG**, **T.A.** La. Bar No. 33390
**MICHAEL S. FINKELSTEIN**, La. Bar No. 35476
643 Magazine Street, Suite 402
New Orleans, Louisiana 70130
Telephone: 504.324.2141
Facsimile:   504.534.8961
scott@snw.law | michael@snw.law

*Attorneys for Capital City Press, LLC d/b/a The Advocate and KATC Communications, LLC*

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing pleading has been served on all parties or their counsel of record by the Court's CM/ECF system on July 19, 2018.

/s/ Scott L. Sternberg
**STERNBERG, NACCARI & WHITE, LLC**

## CERTIFICATE OF CONFERENCE

Pursuant to Local Rule 7.6, I hereby certify that Movants advised Counsel of Record for all Parties of their intent to file the instant motion via e-mail on July 14, 2018.  Counsel for Defendant Louis Ackal certified via e-mail on July 17, 2018 that he did not object to seeking clarification of the March 15, 2018 Order sealing the Settlement. No other counsel responded before the filing of this Motion.

/s/ Scott L. Sternberg
**STERNBERG, NACCARI & WHITE, LLC**