**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAFAYETTE DIVISION**

**SHANDELL MARIE BRADLEY**         **CASE NO.: 6:15-CV-0459**

**VERSUS**                         **MAGISTRATE JUDGE HANNA**

**LOUIS M. ACKAL, ET AL**          **BY CONSENT OF THE PARTIES**

**PLAINTIFF'S RESPONSE TO MOVANT'S**
**MOTION TO INTERVENE**

**TO THE HONORABLE JUDGE OF SAID COURT:**

NOW INTO COURT comes Shandell Marie Bradley, on behalf of her minor child AJW, Plaintiff, and files the following response to Movant's motion to intervene:

**1.**

Capital City Press, LLC, d/b/a the Advocate and KATC Communications, LLC, Movant, has filed a motion to intervene (Doc. 144) and memorandum in support (Doc. 144-1) seeking to intervene in this case and obtain disclosure of the settlement amount, which was previously declared confidential by this Court.

**2.**

In order to intervene, Movant must satisfy the following test: (1) the application for intervention must be timely; (2) the applicant must have an interest relating to the property or transaction which is the subject of the action; (3) the applicant must be so situated that the disposition of the action

may, as a practical matter, impair his ability to protect that interest; (4) the applicant's interest must be inadequately represented by the existing parties to the suit. *Taylor Communications Group v. Southwestern Bell Telephone Co.*, 172 F.3d 385, 387 (5th Cir. 1999); *Ford v. City of Huntsville*, 242 F.3d 235, 239 (5th Cir. 2001).

### 3.

Plaintiff doubts whether Movant's application is timely. Four factors govern whether the application is timely:  (1) The length of time during which the would-be intervenor actually knew or reasonably should have known of its interest in the case before it petitioned for leave to intervene; (2) the extent of the prejudice that the existing parties to the litigation may suffer as a result of the would-be intervenor's failure to apply for intervention as soon as it knew or reasonably should have known of its interest in the case; (3) the extent of the prejudice that the would-be intervenor may suffer if intervention is denied; and (4) the existence of unusual circumstances militating either for or against a determination that the application is timely. *Sierra Club v. Espy*, 18 F.3d 1202, 1205 (5th Cir. 1994); *Ford*, 242 F.3d 239.

Movants acknowledge that the minute entry sealing the terms of the settlement order was entered March 15, 2018. This application could have been brought any time after that date and certainly before July 19, 2018. Movants, however, are counting from June 15, 2018, the date that the reporter received his response to his public records request. Movants did not need the records

request response to know that the settlement terms were confidential; that much could be deduced from the minute entry itself, which could have been learned from a PACER search. If a reporter is following a story, it is reasonable to assume that he would check the case history from time to time.  In fact, a reporter from The Advocate contacted counsels on March, 15, 2018, and subsequently obtained a response from one of Plaintiff's attorneys.  Thus, Movant had knowledge from that date of the status of the settlement terms.

Movants discount the interest of Plaintiff in keeping the settlement terms confidential. Plaintiff has a substantial interest in keeping the child from notoriety and harassment that would surely follow if Movant reported the settlement amount. Although Movant raises the somewhat thin argument that it is not seeking the child's name, that is not the point. The child's name would soon become public via community residents with knowledge and soon a significant and growing number of persons will know of the settlement amount and descend upon the child and her family. That is a significant interest and Plaintiff submits that it outweighs the interests asserted by Movant.

Movant also argues lack of prejudice because it is not seeking to reopen the issues in this case.  However, Movant could not have reopened the liability issues in the case. This factor hardly outweighs Plaintiff's interest in confidentiality.

Movant's interest in disclosure is less than Plaintiff's interest in confidentiality and there are no unusual circumstances weighing in favor of

Movant. Therefore, under the *Espy* test, Movant's request must be considered untimely.

4.

The core of the *Taylor/Ford* test is the strength of the interest of the Movant. It is not, as movant asserts, an overriding interest. Movant point out that the information is subject to disclosure under La. Rev. Civ. Stat. 44:1. Be that as it may, this fact does not end the inquiry.

In *Ford*, the Fifth Circuit noted that state disclosure statutes are not binding on a federal district court's ability to issue orders, but a district court is required to consider the effect of its order on state law. 242 F.3d at 242. In other words, a state disclosure statute is not binding on a district court, which is free to determine if the intervenor's interest outweighs the Plaintiff's interest in confidentiality.

Doubtless the Court considered the competing factors in determining confidentiality and it may make findings to that effect. The Court's decision is not an abuse of discretion and Movant's application should be denied.

WHEREFORE, Shandell Marie Bradley, on behalf of her minor child AJW, Plaintiff, prays that Movant's Motion to Intervene be denied.

FURTHER PRAYS that Movant's be denied access and disclosure of the settlement amount.

Respectfully Submitted,

/s/ Carol D. Powell Lexing

Carol D. Powell Lexing
Attorney for Plaintiff
Law Office of Carol D. Powell Lexing
& Associates, (PLC)
2485 Tower Drive, Ste. 6
Monroe, Louisiana 71201
Telephone: (318) 324-0700
Facsimile: (318) 324-0702
Email: legaldove2@yahoo.com
Bar Roll No. 21033

/s/ Benjamin L. Crump

Benjamin L. Crump
Attorney for Plaintiff
ParksCrump Law Firm
240 North Magnolia Drive
Tallahassee, Florida 32301
Telepohne: (850) 222-3333
Facsimile: (850) 224-6679
Email: info@parkscrump.com
Bar Roll No. FBN 72583

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing Response to Movant's Motion to Intervene was filed electronically with the Clerk of Court using CM/ECF system.  Notice of this filing will be sent to all counsel of record by operation of the Court's electronic filing system on the 24th of July, 2018.

/s/ Carol D. Powell Lexing
CAROL D. POWELL LEXING